UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                   CASE NO. 8:06-CR-472-T-17TGW

MIGUEL RENDON.

_____/

ORDER

This cause is before the Court on:

Dkt. 255   Motion for Compassionate Release Sentence Reduction
           For Defendant With a Life Expectancy of 12 to 18 Months
Dkt. 258   Sealed Notice of Filing Exhibits

Defendant Miguel Rendon requests that the Court reduce his sentence to time served, pursuant to 18 U.S.C. Sec. 3582(c)(1)A), and the criteria in U.S.S.G. Sec. 1B1.13. Defendant Rendon has exhausted administrative remedies.

The Government takes no position as to Defendant Rendon's Motion.

On September 19, 2008, Defendant Rendon was sentenced on Count 1 of the Superseding Indictment, Conspiracy to Possess 5 Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 1,000 Kilograms or More of Marijuana, in violation of 21 U.S.C. Secs. 846, 841(a)(1) and 841(b)(1)(A) to a term of imprisonment of 235 months, a term of supervised release of 60 months, a fine of $100,000, and a special assessment fee of $100.

1.  Discussion

18 U.S.C. Sec. 3582(c)(1)(A) provides that the Court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

(i)   extraordinary and compelling reasons warrant such a reduction; ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Application Notes to USSG Sec. 1B1.13 explain that, provided a defendant is not a danger to the safety of any other person or the community, "extraordinary and compelling reasons" include: 1) a defendant's serious medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover, and 2) the defendant's age, where the defendant is at least 65 years old, is experiencing a serious deterioration of physical or mental healthy because of the aging process, and has served at least 10 years or 75 % of the term of imprisonment, whichever is less.

Defendant Rendon argues that he meets both the medical condition and age criteria for compassionate release, considered individually or in combination.

Defendant Rendon further argues that consideration of the Section 3553(a) factors weighs in favor of granting compassionate release. The Warden of the facility where Defendant Rendon is incarcerated supported compassionate release, said Defendant Rendon "maintained clear conduct throughout his period of incarceration, and noted that Defendant Rendon participated in various religious, education, and release preparation courses. (Exhibit A).

The BOP Progress Report indicates that Defendant Rendon would be at an extremely low risk of re-offending. (Exhibit C)

The Court notes that Defendant Rendon is 85 years old, and has served over 138 months of the term of imprisonment, which equates to a sentence of 158 months. (Exhibits C, D).

On August 12, 2019, the BOP's Acting Clinical Director estimated that Defendant Rendon has 12 to 18 months to live (Exhibit B).

Defendant Rendon argues that his BOP records establish that Defendant Rendon is not a danger to any other person or the community. Defendant Rendon is incarcerated in a minimum security camp and has no disciplinary history or history of violence. (Exhibit A, 2-3; Exhibit C, 1-3; PSR, pars. 39-44).

The Court notes that Defendant Rendon has a release plan that the U.S. Probation Office has approved. (Exhibit A).

The Court has reviewed the record, and has considered Defendant's Motion, with the exhibits filed under seal. At the outset, the Court notes that Defendant Rendon has exhausted administrative remedies.

The Court finds that Defendant Miguel Rendon suffers from chronic or serious medical conditions relating to the aging process, and Defendant Rendon is experiencing deteriorating health that substantially diminishes Defendant Rendon's ability to function in prison. Defendant Rendon meets the criteria for compassionate release based on his medical condition and age. Defendant Rendon has established that Defendant Rendon is not a danger to any other person or the community. After consideration of the Section 3553(a) factors, the Court finds that a reduced term of imprisonment is warranted. The Court therefore grants Defendant Miguel Rendon's Motion for Compassionate Release Sentence Reduction. Accordingly, it is

**ORDERED** that Defendant Miguel Rendon's Motion for Compassionate Release Sentence Reduction for Defendant With a Life Expectancy of 12 to 18 Months (Dkt. 255) is **granted**. Defendant Rendon's term of imprisonment is reduced from 235 months to time served, to be followed by a term of 60 months supervised release. All other terms and conditions of Defendant Rendon's previous sentenced remain unchanged, and are incorporated by reference.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 3RD day of December, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record
Bureau of Prisons